**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAYASGALAN DSERENOCHIR; DOLGIO NATSAGDORJ; SUVDANCHIMEG BAYASGALAN; MUNGUNCHIMEG BAYASGALAN,<br><br>        Petitioners,<br><br>  v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>        Respondent. | No. 05-75127<br><br>Agency Nos. A097-583-395<br>                    A097-583-396<br>                    A097-583-397<br>                    A097-583-398<br><br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2010[**]
San Francisco, California

Before: THOMPSON and McKEOWN, Circuit Judges, and ZILLY, [***]  Senior
District Judge.

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        [***]    The Honorable Thomas S. Zilly, Senior United States District Judge
for the Western District of Washington, sitting by designation.

Bayasgalan Dserenochir,[1] a citizen of Mongolia, petitions for review of the order by the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The IJ denied relief on adverse credibility grounds, and the BIA affirmed. We have jurisdiction under 8 U.S.C. § 1252.

Credibility findings are reviewed under a substantial evidence standard and will be upheld unless the evidence compels a contrary result. *He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir. 2003) (citation omitted). "To reverse the BIA finding we must find that the evidence not only *supports* that conclusion but *compels* it." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). The BIA held that the IJ's adverse credibility determination was supported by 1) numerous inconsistencies; 2) Dserenochir's vague and non-responsive testimony; and 3) a lack of corroborating evidence. Because the BIA's order was supported by substantial evidence and the evidence does not compel a contrary result, we deny the petition for review. *See He*, 328 F.3d at 595.

---

[1] Dserenochir's wife and two minor children, all also citizens of Mongolia, also petition for asylum, withholding of removal, and relief under the CAT derivatively. Because Dserenochir's testimony forms the only evidence in support of their applications, their applications are tied to the outcome of Dserenochir's application.

Dserenochir asserted past persecution and a fear of future persecution by the Mongolian Communist Party because of his former support of democratic leaders, his unwillingness to support Communist leaders, and his unwillingness to provide "false evidences" against his friends in the opposition.  However, Dserenochir testified inconsistently with respect to his declaration and between direct examination and cross-examination in recounting a number of key details of the central event in his alleged persecution, when Communist officials in the government came to his house and subsequently detained him and beat him for his support of democratic leaders.  Dserenochir also testified vaguely and non-responsively with respect to one of the other main grounds for his asylum claim: that the Communist Party was asking him to fabricate cases against democratic leaders.  These inconsistencies and Dserenochir's vague and non-responsive testimony are specific, cogent reasons that goes to the heart of his claim, and thus, there is substantial evidence to support the adverse credibility finding.[2]  *Shire v. Ashcroft*, 388 F.3d 1288, 1295, 1298 (9th Cir. 2004).

---

[2] Because Dserenochir's asylum application was filed prior to May 11, 2005, the REAL ID Act, which did away with the "heart of the claim" rule, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), does not apply.  *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005).

3

Finally, although a petitioner for asylum may rely on testimony alone to establish the requisite fear of persecution, *Molina-Estrada v. I.N.S.*, 293 F.3d 1089, 1094 (9th Cir. 2002), where that testimony lacks credibility and there is an absence of other supporting evidence, the testimony alone is insufficient to form the basis of an asylum or withholding of removal claim. Dserenochir has advanced no documentation or additional evidence to support his claims of his past persecution, political activity, or medical treatment for his kidney problems or ongoing depression allegedly due to his torture and persecution. He similarly provided no documentation to support his characterization of a campaign of persecution by the Communist Party in Mongolia of democratic supporters that would create a reasonable fear of persecution by individuals such as himself. Accordingly, we are not presented with a situation where "the evidence presented was so compelling that no reasonable factfinder could find that the petitioner was not credible." *Id.* at 1295.

Because Dserenochir failed to satisfy his burden of establishing eligibility for asylum relief through credible evidence, he also cannot meet the higher withholding of removal standard. *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000). Finally, because Dserenochir's CAT claim is predicated on the same

statements that doom his other claims, we must similarly affirm the rejection of this claim. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**