**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

OCT 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAYASGALAN TSERENOCHIR, AKA Bayasgalan Dserenochir; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73882 <br><br> Agency Nos.    A097-583-395 <br> A097-583-396 <br> A097-583-397 <br> A097-583-398 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 8, 2014
San Francisco, California

Before: W. FLETCHER and WATFORD, Circuit Judges, and DUFFY, District
Judge.[**]

**1.** The Board of Immigration Appeals (BIA) abused its discretion in

denying Bayasgalan Tserenochir's motion to reopen as untimely. Tserenochir was

entitled to equitable tolling until March 25, 2010, when he consulted with his third

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

and current lawyer, because "despite all due diligence" he was "unable to obtain [the] vital information" underlying his claim for reopening—the ineffectiveness of his initial counsel. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc). Our analysis in *Ghahremani v. Gonzales*, 498 F.3d 993 (9th Cir. 2007), forecloses the BIA's finding that Tserenochir did not exhibit due diligence. As in *Ghahremani*, Tserenochir hired new counsel after the BIA denied his initial appeal, a "paradigmatic" example of due diligence. *Id.* at 1000. And as in *Ghahremani*, that Tserenochir's second lawyer did not tell Tserenochir about the ineffectiveness of his first lawyer does not undermine Tserenochir's claim of due diligence. *Id.* Equitable tolling ceased in March 2010 when Tserenochir learned of his initial counsel's ineffectiveness, and Tserenochir filed his motion to reopen on April 19, 2010, within the 90-day statutory window. *See* 8 U.S.C. § 1229a(c)(7)(C)(i).

**2.** The BIA also abused its discretion in denying the motion to reopen on the ground that Tserenochir was not prejudiced by his first lawyer's deficient performance. Counsel's performance was "so inadequate that it *may* have affected the outcome of the proceedings" in at least two ways. *See Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004). First, Tserenochir's initial lawyer met with him for only 20 or 30 minutes before his hearing. Counsel's lack of preparation left

Tserenochir "alone, bewildered, and unrehabilitated as a witness." *See id.* In particular, with more time, counsel might have noticed Tserenochir's moderate cognitive impairments and could have explained some of Tserenochir's nonsensical answers to the Immigration Judge (IJ).

Second, even if the IJ had been inclined to conclude that Tserenochir's testimony alone did not establish a claim to asylum, competent counsel could have bolstered Tserenochir's claim using corroborating documents or witnesses. Tserenochir's wife and daughter witnessed Tserenochir's arrest and beating, yet Tserenochir's first lawyer did not call them as witnesses at the hearing. And two of the categories of corroborating documents we identified as missing in Tserenochir's first petition for review—medical records and records of political activity—were readily available, yet Tserenochir's first lawyer did not make any effort to obtain them. *See Dserenochir v. Holder*, 365 F. App'x 825, 827 (9th Cir. 2010).

Taken as a whole, the record indicates that Tserenochir has at least a "plausible claim for relief," which he should be allowed to present to an IJ without interference by constitutionally deficient counsel. *See Lin*, 377 F.3d at 1031. Accordingly, we grant Tserenochir's petition for review and remand to the BIA with instructions to reopen.

**GRANTED AND REMANDED.**